UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LAUREN KYLE S.,[1]

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

Case No. 1:25-cv-00071-DKG

**MEMORANDUM DECISION
AND ORDER**

**INTRODUCTION**

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her

application for disability and disability insurance benefits. (Dkt. 1). Having carefully

reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the

Court will affirm the decision of the Commissioner for the reasons set forth below.

**BACKGROUND**

On August 2, 2020, Plaintiff filed a Title II application for a period of disability and

disability insurance benefits, alleging disability beginning on January 1, 2018. (AR 21).

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on February 12, 2024, before an Administrative Law Judge (ALJ).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on February 27, 2024, finding Plaintiff not disabled. (AR 21-32). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was thirty-seven years of age on the alleged onset date. (AR 31). Plaintiff is a high school graduate with past relevant work experience as a retail salesclerk, medical coding clerk, and a billing clerk. (AR 31). Plaintiff claims disability due to physical and mental impairments, including asthma, obesity, obstructive sleep apnea (OSA) with hypersomnia, depression, anxiety, attention deficit hyperactivity disorder (ADHD), and gastroesophageal reflux disease.

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ pointed out inconsistencies with the record regarding the date Plaintiff stopped working, but ultimately found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 23). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: asthma, obesity, OSA, major depressive disorder without psychotic features, generalized anxiety disorder, and ADHD. (AR 23). The ALJ found Plaintiff's gastroesophageal reflux disease was a non-severe impairment. (AR 24).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 24-25). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for a full range of work at all exertional levels with the following limitations:

> frequently climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; can have occasional exposure to atmospheric conditions such as noxious odors, fumes, dust, and gases;  occasional exposure to hazards such as exposed heights; is able to understand, remember, and carry out simple and complex, but not detailed instructions or tasks; is able to make simple work related decisions or judgments; is able to have occasional interaction with supervisors, coworkers and the public; is able to perform goal oriented but not specific production rate pace tasks such as work on an assembly line.

(AR 27).

At step four, the ALJ found Plaintiff unable to perform any past relevant work. (AR 30). At step five, the ALJ relied upon testimony from the vocational expert to conclude that jobs exist in significant numbers in the national economy that Plaintiff could perform given

**MEMORANDUM DECISION AND ORDER - 3**

her age, education, work experience, and RFC. (AR 31-32). The ALJ therefore found

Plaintiff not disabled from the alleged onset date through the date of the decision.

## ISSUES FOR REVIEW

1.      Whether the ALJ properly considered Plaintiff's subjective symptom statements and reasonably assessed functional limitations in the RFC.

2.      Whether the ALJ properly evaluated the medical opinion evidence.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal

error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587

U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole,

weighing both the evidence that supports and the evidence that does not support the ALJ's

conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only

those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517

n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified

by the ALJ and may not affirm for a different reason or based on post hoc rationalizations

attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v.*

*Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 122526 (9th Cir. 2009). If the ALJ's decision is

**MEMORANDUM DECISION AND ORDER - 4**

based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's findings even if other evidence may exist that supports Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1.    Subjective Symptom Statements

Plaintiff argues the ALJ erred by failing to provide clear and convincing reasons for disregarding her subjective symptom statements and failed to include work-related limitations in the RFC. (Dkt. 12). Defendant maintains the ALJ properly considered Plaintiff's self-reports and reasonably determined the RFC. (Dkt. 14).

### A.    Legal Standard

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); SSR 16-3p. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Garrison*, 759 F.3d at 1014-15; 20 C.F.R. § 404.1529 (Mar. 27, 2017)).

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ next evaluates the intensity and persistence of the symptoms to determine the extent that the symptoms limit a claimant's ability to perform work related activities based on the entire case record. SSR 16-3p. The ALJ may discredit a claimant's testimony about the

MEMORANDUM DECISION AND ORDER - 5

severity of their symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The clear and convincing standard does not require the Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

### B.    Analysis

In her November 17, 2020 functional report, Plaintiff stated that excessive tiredness made it impossible to safely get to and from work, caused her to miss work, decreased memory and mental functioning, increased depression and anxiety, and caused debilitating panic attacks. (AR 318). Plaintiff described her daily activities as taking medications, watching and caring for her child, napping, walking her dogs, watching movies, crocheting, and weekly house cleaning, gardening, and mowing. Plaintiff reported that her husband does most of the cooking, feeds the dogs, and reminds her to take medications and go to appointments. Plaintiff can prepare simple meals, frozen dinners, and pick up fast food. Plaintiff is able to go outside, walk, drive, shop in stores, and manage finances, but stated she is driving less due to being tired at red lights and forgetting where she is going. (AR 321). Plaintiff complained of difficulty with memory, completing tasks, and concentration. (AR 323).

During the hearing, Plaintiff testified that she stopped working full-time, in part, because of childcare needs but mostly due to fatigue, anxiety, depression, and hypersomnia.

**MEMORANDUM DECISION AND ORDER - 6**

(AR 47). Plaintiff complained of extreme tiredness/drowsiness, brain fog, inability to wake and think clearly, memory gaps, and inability to retain information and learn new things. Plaintiff keeps a daily routine to minimize stress and manage her symptoms. (AR 48-50). Plaintiff's daily activities include driving her child to and from school and activities, walking some days, using her phone, doing housework, sharing meals and time with family, and watching television. Plaintiff described her symptoms as having a really good couple of hours in the morning once she is awake when she is able to do errands and think clearly, but her energy declines after lunch such that she is only nominally functional and is unable to make decisions or concentrate. (AR 51). Plaintiff also described having brain fog, difficulty remembering, anxiety, depression, and asthma. (AR 56-58).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record. (AR 28). In making this determination, the ALJ identified and discussed medical evidence demonstrating that Plaintiff's impairments do not support the level of functioning limitation alleged; records of minimal treatment and control of symptoms with medication; and daily activities inconsistent with her complaints of disabling symptoms. For the reasons that follow, the Court finds the ALJ provided clear and convincing reasons for discounting Plaintiff's symptom statements.

An ALJ may reject a claimant's symptom testimony if the testimony is contradicted by evidence in the medical record. *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.");

**MEMORANDUM DECISION AND ORDER - 7**

*Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). Further, improvement of symptoms with medication or treatment, and the use of conservative treatment or the lack of treatment can be bases for discrediting symptom allegations. *See e.g. Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Smartt*, 53 F.4th at 496-497(concluding that the ALJ properly discounted the claimant's testimony based on inconsistencies with the medical record, the claimant's daily activities, and the claimant's conservative treatment). However, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of [fully corroborating] medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *see also* 20 C.F.R. § 404.1529(c)(2) (the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"); *Smartt*, 53 F.4th at 498 (ALJ cannot discredit subjective symptom testimony "by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony.").

Here, the ALJ found Plaintiff's symptom testimony inconsistent with the medical evidence, pointing to specific contradictions between Plaintiff's testimony and the medical record. (AR 28-30). As to allegations of excessive fatigue, the ALJ found Plaintiff's statements were inconsistent with the overall medical record that only rarely mentioned

**MEMORANDUM DECISION AND ORDER - 8**

Plaintiff appearing fatigued and the majority of examination findings reporting Plaintiff was alert, awake, and oriented with no observable physical or mental deficits. (AR 28-29). The ALJ's observation of the record is accurate. While several records document Plaintiff's subjective reports of fatigue and difficulties with sleep, the overall objective findings in the medical evidence are that Plaintiff appeared alert and oriented, with normal memory and attention. The instances of records reporting objective findings of fatigue were limited. The ALJ therefore reasonably concluded that the level of severity alleged by Plaintiff - that she experienced excessive fatigue "most of the time" - was inconsistent with the limited number of records reporting observed signs of fatigue. Similarly, as to complaints of brain fog and decision making, the ALJ reasonably found the objective findings in the overall medical evidence revealed that Plaintiff was alert and oriented, with no observable deficits in cognition, intellect, memory, concentration, decision making, or thought processes. Plaintiff's alternative reading of the record is not a basis for remand. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). For these reasons, the Court finds the ALJ's conclusion that the medical evidence conflicted with Plaintiff's allegations of excessive fatigue, brain fog, and decision making was rational and supported by substantial evidence. *Smartt*, 53 F.4th at 499 (The clear and convincing standard does not require the Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince.").

The records cited by Plaintiff to establish that she had disordered sleeping, fatigue, daytime sleepiness, and brain fog do not establish error, as the ALJ did not discredit her symptom statements based on a lack of objective medical evidence. Nor did the ALJ conclude that Plaintiff did not suffer from impairments and symptoms of fatigue, brain fog,

**MEMORANDUM DECISION AND ORDER - 9**

and decision making. (AR 23-26, 28-29). Rather, the ALJ found the overall medical evidence was inconsistent with the level of functional limitations alleged by Plaintiff and, as determined above, the ALJ's decision was supported by substantial evidence. (AR 28-29). The Court must uphold the ALJ's conclusion where, as here, the evidence is subject to more than one rational interpretation and the ALJ's decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. Further, the ALJ expressly considered Plaintiff's daytime sleepiness, difficulty remembering, and impaired decision making in assessing the RFC limitations. (AR 27, 30).

As to asthma, the ALJ noted the record showed Plaintiff had normal exam findings, received minimal treatments, reported only rare exacerbations, and that her asthma was well controlled with medication. (AR 29). As to obesity, the ALJ identified physical exams reporting normal overall findings and no focal neurological deficits or gait abnormalities. (AR 29). Similarly with her mental health conditions, the ALJ found the evidence rarely reflected that Plaintiff presented as anxious, depressed, stressed, frustrated, or fatigued. (AR 29). To the contrary, the ALJ observed that the overall record reported Plaintiff was awake, alert, oriented, pleasant, cooperative, with normal mood behavior, normal speech, average intelligence, intact memory, fair to good judgment, intact attention and concentration, logical thought process, and no abnormalities in thought content, and that Plaintiff received no treatment for periods of time. (AR 28-29). The records cited and discussed in the decision support the ALJ's reasoning and conclusion that Plaintiff's symptom statements were not entirely consistent with the medical record. *Smartt*, 53 F.4th at 499.

Based on the foregoing, the Court finds the ALJ identified a specific, clear, and

**MEMORANDUM DECISION AND ORDER - 10**

convincing reason to reject Plaintiff's symptom statements based on inconsistencies between the medical record and Plaintiff's statements.

Next, the ALJ found Plaintiff's daily activities were inconsistent with the level of limitations alleged. (AR 29). Daily activities can "form the basis for an adverse credibility determination" when (1) the level of daily activity is inconsistent with the claimed limitations, or (2) the daily activities meet the threshold for transferable works skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024). Here, the ALJ relied on the first reason.

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Trevizo*, 871 F.3d at 682 (citation omitted); *see also Curry v. Sulliva*n, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citation omitted). "Even if the claimant experiences some difficulty or pain, [the claimant's] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Smartt*, 53 F.4th 499 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)).

The ALJ noted the overall record reflects that Plaintiff was able to attend appointments and was generally on time; use a computer, cook, drive, walk, run errands, do household chores and yardwork; take care of her young "very active" child by driving her to/from school and activities, teaching her, and reading to her; engage in hobbies; attend

**MEMORANDUM DECISION AND ORDER - 11**

events; and volunteer. (AR 29-30). The ALJ found Plaintiff's ability to engage in these activities was contrary to her symptom allegations. (Dkt. 29). Earlier in the decision, the ALJ discussed these same daily activities relevant to Plaintiff's mental impairments and functional abilities. (AR 25-26). The Court finds the ALJ's reasoning is easily discernable in this regard, as the ALJ cited the same records in both sections of the decision and provided a consistent explanation of the symptom statements that were found to be inconsistent with the daily activities – namely, difficulty with remembering, social functioning, brain fog, anxiety, concentration, fatigue, and managing oneself. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (When determining whether a decision is supported by substantial evidence, courts "look[ ] to all the pages of the ALJ's decision."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (upholding an ALJ's decision where "the agency's path may reasonably be discerned….").

Further, the Court finds the ALJ's rationale is supported by substantial evidence and is sufficiently convincing. *Smartt*, 53 F.4th at 499. The ALJ observed that the overall records from TMS Solutions consistently reported that Plaintiff attended appointments on time or early and was socially engaged. (AR 29). The ALJ noted Plaintiff's daily activities included walking, driving, household chores, yardwork, running errands, attending events, and caring for her child and pet. The ALJ reasonably found these records and activities inconsistent with Plaintiff's testimony of disabling fatigue, brain fog, and anxiety that make work impossible due to difficulty with memory, completing tasks, concentration, retaining information, learning new things, and getting safely to/from work. (AR 25-26, 29-30). Notably, the ALJ did not conclude that Plaintiff had no limitations in her ability to perform

**MEMORANDUM DECISION AND ORDER - 12**

some work related activities. (AR 29). Rather, the ALJ found that the overall evidence did not support the level of limitations Plaintiff alleged given her daily activities. *Smartt*, 53 F.4th 499. The ALJ then incorporated limitations into the RFC that accounted for the extent to which the record demonstrated that Plaintiff's conditions impaired her ability to understand, remember, carry out instructions or tasks, make work related decisions or judgments, interact with others, and perform rate pace tasks. (AR 27). For these reasons, the Court finds the ALJ identified a clear and convincing reason to discredit Plaintiff's statements and did not err in fashioning the RFC.

While Plaintiff highlights other portions of the record containing her self-reports of symptoms, the ALJ reasonably relied on the objective portions of the records – e.g., the mostly normal exam findings, minimal clinical signs and symptomatology, and minimal treatment or medication – in finding Plaintiff's symptom statements inconsistent with the evidence in the record. Further, the ALJ rationally concluded that the level of Plaintiff's daily activities was inconsistent with the severity of her symptom statements. Plaintiff's alternative reading of the record does not require remand. The question on review is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Where "the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford*, 950 F.3d at 1154 (quoting *Burch*, 400 F.3d at 679). Here, the ALJ properly considered Plaintiff's symptom statements and the entire record, and reasonably concluded that Plaintiff's statements were inconsistent with the medical evidence and other evidence in the record.

**MEMORANDUM DECISION AND ORDER - 13**

Based on the foregoing, the Court finds the ALJ identified specific, clear, and convincing reasons for discrediting Plaintiff's symptom statements and that the ALJ's reasoning and conclusion are supported by substantial evidence. The ALJ identified records showing mostly normal physical and mental exam findings, and minimal clinical signs and symptoms; reporting that Plaintiff's asthma was well controlled with medication and minimal treatment; and daily activities inconsistent with the level of limitations complained of. (AR 28-30). Therefore, the ALJ did not err in discounting Plaintiff's subjective symptom statements.

## 2.      Medical Opinions

Plaintiff argues the ALJ erred in evaluating the state agency physical medical consultants' prior administrative medical findings. (Dkt. 12).[2] Defendant maintains the ALJ properly considered the medical opinion evidence. (Dkt. 14).

### A.      Legal Standard

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

---

[2] Plaintiff does not contest the ALJ's findings relevant to the opinions of the state agency mental health consultants. (Dkt. 12).

**MEMORANDUM DECISION AND ORDER - 14**

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant...objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id.*; 20 C.F.R. § 404.1520c(b)(2); *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787.

## B.   Analysis

The state agency physical medical consultants found Plaintiff had no exertional

**MEMORANDUM DECISION AND ORDER - 15**

limitations, but had some postural and environmental limitations due to excessive daytime sleepiness and asthma. (AR 89, 93-96, 111-114). The ALJ found the opinions persuasive, stating:

> I also found the DDS opinions persuasive in that the claimant has no exertional limitations, but would have some postural limitations (2A; 3A). Their conclusions are consistent with the claimant's obesity and asthma impacting her ability to climb and perform other postural activities, and to work around atmospheric conditions. Also, while not objectively well supported throughout the record, I further gave consideration to her reports of daytime sleepiness in assessing these limitations.

(AR 30). Plaintiff argues that the ALJ failed to satisfy the articulation requirements for evaluating the persuasiveness of the medical opinions and that the ALJ's evaluation of the medical evidence regarding daytime sleepiness is not supported by substantial evidence. (Dkt. 12). For the reasons that follow, the Court finds the ALJ properly evaluated the opinions and the ALJ's conclusion is supported by substantial evidence.

While brief, the ALJ addressed the supportability and consistency factors sufficient for judicial review. (AR 30). As to consistency, the ALJ reasoned that the postural and environmental limitations opined were consistent with Plaintiff's obesity and asthma symptoms, which the ALJ discussed throughout the written decision. The ALJ found Plaintiff's asthma was a severe impairment that caused difficulty breathing, but was well controlled with medication and minimal treatment. (AR 29). The ALJ also noted Plaintiff was obese for a portion of the relevant period, but had normal physical examinations. (AR 29). The postural and environmental limitations opined were consistent with the medical records as discussed by the ALJ. As to supportability, the ALJ observed that the opinions were supported by Plaintiff's reports of daytime sleepiness, essentially adopting the

**MEMORANDUM DECISION AND ORDER - 16**

consultants' explanations that the limitations opined were supported by giving the "benefit of the doubt" to Plaintiff's complaints of daytime sleepiness. (AR 94-96, 112-114). The Court finds the ALJ's evaluation of the opinions and conclusion are easily discernable and explained by the discussion of the record contained throughout the written decision – specifically, the records of Plaintiff's obesity, asthma, and daytime sleepiness. (AR 28-30). For these reasons, the Court finds ALJ's explanation and reasoning regarding the opinions are rational and supported by substantial evidence. *Kaufmann*, 32 F.4th at 851; *Brown-Hunter*, 806 F.3d at 492.

Further, Plaintiff has failed to identify any harmful error. The caselaw Plaintiff cites, *Davis v. Saul*, 2021 WL 2681442 (E.D. Cal. June 30, 2021), relates to an ALJ's <u>rejection</u> of a medical opinion without explanation. (Dkt. 12). In contrast here, the ALJ found the opinions <u>persuasive</u> and incorporated their limitations into the RFC. Moreover, there were no other medical opinions in the record, let alone any opinions assigning greater functional limitations or that contradicted the state agency consultants, that the ALJ ignored or rejected. Plaintiff has therefore failed to identify any harmful error.

## ORDER

For the reasons stated herein, the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: March 27, 2026



Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 17**